UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMES JEFFERSON KENNER, | ) | |
| Petitioner, | ) | 3: 08-cv-00489-ECR-RAM |
| vs. | ) | |
| | ) | **ORDER** |
| JAMES BENEDETTI, *et al.,* | ) | |
| Respondents. | ) | |

Petitioner, a state prisoner, is proceeding *pro se* in this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondents' motion to dismiss the amended petition. (Docket #23.) Petitioner opposes the motion.

**PROCEDURAL HISTORY**

On January 19, 2006, petitioner pleaded guilty in the Second Judicial District Court to felony driving under the influence. Exhibit 15 at 5. The state court canvassed petitioner and accepted his plea. *Id*. at 4-9. Petitioner executed a plea agreement. Exhibit 16. The court sentenced petitioner to serve 60 to 180 months in the Nevada Department of Corrections and fined him four thousand dollars. Exhibit 18 at 12; Exhibit 19.

On August 14, 2006, petitioner filed an untimely notice of appeal. Exhibit 20. The Nevada Supreme Court dismissed petitioner's appeal for lack of jurisdiction. Exhibit 24. Remittitur issued on October 10, 2006. Exhibit 25.

On November 17, 2006, petitioner filed a *pro se* post-conviction petition for writ of habeas corpus in the state district court. Exhibit 26. On February 13, 2007, petitioner filed a supplemental petition through appointed counsel. Exhibits 30, 31. On April 13, 2007, the state court dismissed the petitions in part and ordered an evidentiary hearing on one issue. Exhibit 34. The court held an evidentiary hearing on October 4, 2007, took the matter under advisement and subsequently denied the petitions. Exhibits 43, 44.

Petitioner appealed to the Nevada Supreme Court. Exhibit 45. In his fast track statement, petitioner raised the following four claims: 1) the district court abused its discretion in dismissing petitioner's claim that his rights were violated by the manner in which the trial court sentenced him; 2) the district court abused its discretion in dismissing petitioner's claim that his guilty plea was not knowingly made; 3) the district court abused its discretion in dismissing petitioner's claim that his defense counsel was ineffective by not objecting to the continuance of the sentencing hearing; and 4) the district court abused its discretion in dismissing petitioner's claim that his defense counsel was ineffective by not filing a direct appeal when there was a reasonable probability of success. Exhibit 63, pp. 6-11. On August 22, 2008, the Nevada Supreme Court affirmed the judgment of the state district court. Exhibit 69.

On September 9, 2008, this court received petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 14, 2009, this court entered an order to show cause why the petition should not be dismissed as a mixed petition, containing both exhausted and unexhausted claims. (Docket #8.) On February 6, 2009, petitioner filed a motion to dismiss unexhausted claims. (Docket #12.) On May 15, 2009, the court dismissed all claims in ground 3 based on the Eighth Amendment and the Equal Protection clause and ordered petitioner to file an amended petition. (Docket #11.)

On June 16, 2009, petitioner filed an amended petition, raising three claims for relief. (Docket #14.) On March 1, 2010, respondents filed the present motion to dismiss the amended petition on the grounds that the amended petition is mixed and contains conclusory claims. (Docket

#23.) Petitioner filed an opposition to the motion to dismiss, to which respondents filed a reply. (Docket #27 and #29.)

## LEGAL STANDARDS

Respondents move to dismiss this petition on the ground that it is a mixed petition and contains conclusory claims. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. *See, e.g., O'Bremski v. Maass*, 915 F.2d 418, 420 (1991); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989); *Hillery v. Pulley*, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the court will review respondents' motion to dismiss pursuant to its authority under Rule 4.

## DISCUSSION

<u>Ground One</u>

Respondents move to dismiss ground one of the amended petition on the ground that it is partially unexhausted. Petitioner entitles ground one of the amended petition, "Effective assistance of Counsel denied on direct appeal" and alleges a violation of the Sixth Amendment. In ground one, petitioner makes three separate claims which, despite the title of the ground, are actually claims of ineffective assistance of trial counsel. Specifically, he first claims that trial counsel failed, without petitioner's consent, to file a notice of appeal after his sentencing. Second, he claims that the trial court did not advise him of his right to file a direct appeal after sentencing nor of his "right to appointed counsel at that time." Third, he claims that trial counsel never advised him on appellate

procedure, the statute of limitations for filing an appeal, or on the advantages and disadvantages of filing an appeal.

In his appeal from the denial of his post-conviction petition for writ of habeas corpus, petitioner contended that the district court abused its discretion in denying his claim that trial counsel provided ineffective assistance by not filing a direct appeal. Exhibit 63, pp. 10-11. Petitioner did not raise the second two claims he now raises in ground one of the amended petition.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with "a full and fair opportunity to consider and resolve the federal claims." *Sandgathe v. Maass*, 314 F.3d 371, 371 (9th Cir. 2002), *citing Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan v. Henry*, 513 U.S. at 365, 115 S.Ct. at 888 (legal basis); *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66, 115 S.Ct. at 888; *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir.1998). A petitioner can accomplish this by explicitly citing federal law or the decisions of the federal courts. *Sandgathe*, 314 F.3d at 376. "General appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *see, Anderson v. Harless*, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an

argument might be "self-evident."). However, the Ninth Circuit has held that "for purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue." *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003). Further, the Ninth Circuit has held that even if a petitioner did not raise a constitutional issue in a manner which would otherwise be deemed sufficient, the claim is exhausted if the state court actually considered and decided the issue. *Sandgathe*, 314 F.3d at 376-77.

In moving to dismiss ground one, respondents argue correctly that petitioner never presented a claim to the Nevada Supreme Court that the state district court did not advise petitioner of his right to a direct appeal. This court also finds that petitioner did not raise his claim that trial counsel never advised him on appellate procedure, the statute of limitations for filing an appeal, or on the advantages and disadvantages of filing an appeal. The court finds, therefore, that these two claims within ground one are unexhausted.

Ground Two

Respondents also move to dismiss count two on the ground that it is unexhausted and conclusory. In ground two of the amended petition, petitioner alleges that he was denied effective assistance of counsel on a first direct appeal of right in violation of the Sixth Amendment.. (Docket #14, p. 5) Petitioner never presented a claim to the Nevada Supreme Court that he was denied either effective assistance of appellate counsel or a first appeal of right. Rather, as set forth above, petitioner argued that trial counsel was ineffective for failing to file a direct appeal. The court finds, therefore, that count 2 is unexhausted.

Ground Three

Finally, respondents move to dismiss count three on the ground that it is unexhausted and conclusory. In ground three of the amended petition, petitioner alleges that he was deprived of this Fourteenth Amendment right to effective assistance of counsel on direct appeal. (Docket #14, p. 7.) Petitioner also alleges several "existing and ongoing violations in his case as follows:

> The 6th amend. right to trial counsel. (B) the 14th amend. right to effective assistance of counsel. (C) The 6th amend. right to counsel on a (1st) appeal as of right. (D) The 14th

5

1   amend. right to due process of law.  (E) The 14th amend. right to effective assistance of counsel on a (1st) appeal as of right.  (F) The 14th amend. right to equal protection under the law.

(Docket #14, p. 7.)

Petitioner has not presented a claim of ineffective assistance of appellate counsel to the Nevada Supreme Court.  The court will therefore dismiss this claim as unexhausted.  To the extent that petitioner intends the bare recitations of legal theories quoted above to support his claim of ineffective assistance of appellate counsel they are moot, because the over-arching claim of ineffective assistance of appellate counsel is unexhausted.  To the extent that petitioner attempts to include the five additional legal theories as separate claims, the court finds that petitioner has failed to provide any supporting factual allegations.  The court will therefore dismiss the five legal theories as too vague and speculative to state a claim.

Futility

Petitioner opposes the motion to dismiss on the ground that it would be futile for him to return to state court to exhaust his state judicial remedies. This court will not generally consider unexhausted claims to be exhausted on the ground that the state courts will not consider the claims, i.e., the state court would find that the claims were procedurally defaulted.  This is because Nevada courts may excuse procedural bars of untimely or successive filings if a petitioner shows good cause and prejudice. Nev.Rev.Stat. §§ 34.726(1), 34.810(3).   Accordingly, the court finds that a Nevada state remedy is still available to petitioner and  returning to state court is not futile.

Conclusion

As set forth above, the court finds parts two and three of ground one, all of ground two and all of ground three of the amended petition to be unexhausted in state court.  Consequently, the court finds the amended petition in this action to be a "mixed" petition -- one containing both claims exhausted in state court and claims not exhausted in state court.  As such, the entire amended petition is subject to dismissal, unless petitioner elects to abandon the unexhausted claims.  *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982);  *Szeto v. Rusen*, 709 F.2d 1340, 1341 (9th Cir.1983).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed some limitations upon the discretion of this court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Because the amended petition is mixed, the court will grant the motion to dismiss in part, and deny it in part. However, in view of *Rhines*, before the court determines how to handle petitioner's mixed petition, the court will grant petitioner an opportunity to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondent will be granted an opportunity to respond, and petitioner to reply.

Alternatively, petitioner may advise the court of his desire to abandon the unexhausted claims by filing with the court a sworn declaration of abandonment, signed by the petitioner himself.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #23) is **GRANTED IN PART AND DENIED IN PART**. The court finds parts two and three of ground one to be unexhausted, ground two to be entirely unexhausted, and ground three to be entirely unexhausted.

**IT IS FURTHER ORDERED** that to the extent that petitioner attempts to include the five additional legal theories in ground three as separate claims, they are **DISMISSED** as vague and conclusory and for failure to state a claim upon which relief can be granted.

1    **IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days from the date of
2 entry of this order to show good cause for his failure to exhaust his unexhausted claims in state court,
3 and to present argument regarding the question whether or not his unexhausted claims are plainly
4 meritless.  Respondents shall thereafter have twenty (20) days to respond.  Petitioner shall thereafter
5 have fifteen (15) days to reply.

6    **IT IS FURTHER ORDERED** that alternatively, petitioner may advise the court of his
7 desire to abandon the unexhausted claims  by filing a sworn declaration of abandonment, signed by
8 the petitioner, himself.  This declaration shall be filed within the thirty days allowed to show cause
9 for non-exhaustion.  If petitioner files such a sworn declaration, this petition will proceed on part one
10 of ground one only.

11    **IT IS FURTHER ORDERED** that petitioner's failure to respond to this order will result in
12 the dismissal of this amended petition as a mixed petition containing both exhausted and
13 unexhausted claims.

15        DATED this 8th day of November, 2010.

17        _____
          UNITED STATES DISTRICT JUDGE