```
           FILED              RECEIVED
           ENTERED            SERVED ON
                    COUNSEL/PARTIES OF RECORD

                    DEC 1 4 2011

                CLERK US DISTRICT COURT
                  DISTRICT OF NEVADA
           BY:                        DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES JEFFERSON KENNER, | |
| Petitioner, | 3:08-cv-00489-ECR-RAM |
| vs. | |
| JAMES BENEDETTI, *et al.*, | **ORDER** |
| Respondents. | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Petitioner has filed three documents seeking his release or, alternatively, an appeal. (ECF Nos. 40, 42, 43.)

The court advises petitioner that his petition for writ of habeas corpus is fully briefed. Thus, the court will address the merits of the petition in due course. Should the court deny the petition, petitioner may seek review from the Ninth Circuit Court of Appeals after this court issues its decision. To the extent petitioner seeks the same relief in the instant motions as he seeks in his petition, the court denies the motions.

Additionally, the court denies petitioner's request for release pending resolution of his petition. The Ninth Circuit Court of Appeals has not yet decided whether a district court has the authority to grant bail pending a decision on a habeas corpus petition. *In re Roe*, 257 F.3d 1077, 1079-80 (9th Cir. 2001). Every circuit court of appeals that has actually decided this issue, however, has held that district courts do, in fact, possess such discretionary authority. *Hall v. San Francisco Superior Court*, 2010 U.S. Dist.

LEXIS 33030, 2010 WL 890044, at *2 (N.D. Cal. March 8, 2010) (citing cases from the First, Second, Third, Fifth, Sixth, Seventh, Tenth and District of Columbia Circuit Courts of Appeal). The bail standard for an incarcerated person seeking collateral review is markedly different from the standard applied to a pretrial detainee because an incarcerated habeas corpus petitioner requesting post-conviction relief has already been convicted, and thus, he is no longer presumed innocent. *Aronson v. May*, 85 S. Ct. 3, 13 L. Ed. 2d 6 (1964); *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972). The court's discretion in granting bail pending a decision on a habeas corpus petition is to be "exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985).

To obtain such relief, a petitioner must demonstrate: (1) that the claim raises a substantial question and there is a high probability of success on the merits; and (2) the case is extraordinary involving special circumstances. *In re Roe*, 257 F.3d at 1080. Exceptional circumstances may exist and, in the court's discretion, warrant a petitioner's release on bail where: (1) petitioner's health is seriously deteriorating while he is incarcerated, *Woodcock v. Donnelly*, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam); *Johnston v. Marsh*, 227 F.2d 528, 532 (3rd Cir. 1955) (Hastie, J., concurring); (2) there is an extraordinary delay in the processing of a petition, *Glynn*, 470 F.2d at 98; and (3) the petitioner's sentence would be completed before meaningful collateral review could be undertaken, *Boyer v. City of Orlando*, 402 F.2d 966 (5th Cir. 1968).

In this case, after reviewing the petition and the moving papers, the court concludes that petitioner fails to show that the merits of his claims are so strong as to indicate a high probability of his success. Additionally, petitioner fails to show that exceptional circumstances exist that require his immediate release pending disposition of his habeas petition.

**IT IS THEREFORE ORDERED** that petitioner's motions for release or appeal (ECF Nos. 40, 42, 43) are **DENIED**.

DATED this 13 day of December, 2011.

Edward C. Reed
UNITED STATES DISTRICT JUDGE