**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMES JEFFERSON KENNER,          )
                                  )
      Petitioner,               )     3:08-cv-00489-ECR-WGC
                                  )
vs.                               )
                                  )     **ORDER**
JAMES BENEDETTI, *et al.,*        )
                                  )
      Respondents.              )
_____/

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se.* The case proceeds on the first amended petition filed on June 16, 2009. (ECF No. 14.) The case is before the court for resolution on the merits.

**I. Jurisdiction**

Before turning to the merits of the petition, the court addresses whether it retains jurisdiction to decide the merits of the petition because of petitioner's notice of appeal filed December 30, 2011. On December 14, 2011, this court issued an order denying petitioner's motions for release pending resolution of his petition. (ECF No. 44.) The court construed petitioner's motions as seeking bail pending a decision on his habeas corpus petition and denied the motions because petitioner failed to show (1) that his claim raised a substantial question and there is a high probability of success, and (2) that his case is extraordinary involving special circumstances. (*Id*.) Petitioner appealed this decision (ECF No. 45), and the case remains pending with the Ninth Circuit Court of Appeals.

Generally, the filing of a notice of appeal divests a district court of jurisdiction over those aspects

of the case involved in the appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). However, when a notice of appeal "is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007) (citation omitted). Thus, where the deficiency in a notice of appeal "is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Ruby v. Secretary of the Navy*, 365 F.2d 385, 388-89 (9th Cir. 1996). In short, "[f]iling an appeal from an unappealable decision does not divest the district court of jurisdiction." *U.S. v. Hickey*, 580 F.3d 922, 928 (9th Cir. 2009).

In this case, it is clear that the court's order denying petitioner's motions for release pending resolution of his petition is not an appealable order, and thus, petitioner's notice of appeal is defective. *See Land v. Deeds*, 878 F.2d 318 (9th Cir. 1989) (per curiam) (denial of bail pending a decision on a habeas corpus petition is not appealable). Because petitioner's notice of appeal is clearly defective, this court retains jurisdiction to consider his petition on the merits.

**II. Background and Procedural History**

On January 19, 2006, petitioner pleaded guilty in the Second Judicial District Court for the State of Nevada to felony driving under the influence. (Exhibits to Mot. to Dismiss Ex. 15 at 5, ECF No. 24.)[1] The state court canvassed petitioner and accepted his plea. (*Id*. at 4-9.) Petitioner executed a plea agreement. (*Id*. Ex. 16.) The court sentenced petitioner to serve 60 to 180 months in the Nevada Department of Corrections and fined him $4,000 dollars. (*Id*. Ex. 18 at 12; Ex. 19.)

On August 14, 2006, petitioner filed an untimely notice of appeal. (*Id*. Ex. 20.) The Nevada Supreme Court dismissed petitioner's appeal for lack of jurisdiction. (*Id*. Ex. 24.) Remittitur issued on

---

[1] The exhibits referenced in this order are found in the court's record at ECF Nos. 24-25.

October 10, 2006. (*Id*. Ex. 25.)

On November 17, 2006, petitioner filed a *pro se* post-conviction petition in the state district court. (*Id*. Ex. 26.) On February 13, 2007, petitioner filed a supplemental petition through appointed counsel. (*Id*. Ex. 30, 31.) On April 13, 2007, the state court dismissed the petitions in part and ordered an evidentiary hearing on one issue. (*Id*. Ex. 34.) The court held an evidentiary hearing on October 4, 2007, took the matter under advisement and subsequently denied the petitions. (*Id*. Ex. 43, 44.)

Petitioner appealed to the Nevada Supreme Court. (*Id*. Ex. 45.) In his fast track statement, petitioner raised the following four claims: (1) the district court abused its discretion in dismissing petitioner's claim that his rights were violated by the manner in which the trial court sentenced him; (2) the district court abused its discretion in dismissing petitioner's claim that his guilty plea was not knowingly made; (3) the district court abused its discretion in dismissing petitioner's claim that his defense counsel was ineffective by not objecting to the continuance of the sentencing hearing; and (4) the district court abused its discretion in dismissing petitioner's claim that his defense counsel was ineffective by not filing a direct appeal when there was a reasonable probability of success. (*Id*. Ex. 63 at 6-11.) On August 22, 2008, the Nevada Supreme Court affirmed the judgment of the state district court. (*Id*. Ex. 69.)

On September 9, 2008, this court received petitioner's federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On January 14, 2009, this court entered an order to show cause why the petition should not be dismissed as a mixed petition, containing both exhausted and unexhausted claims. (ECF No. 8) On February 6, 2009, petitioner filed a motion to dismiss unexhausted claims. (ECF No. 12.) On May 15, 2009, the court dismissed all claims in ground three based on the Eighth Amendment and the Equal Protection clause and ordered petitioner to file an amended petition. (ECF No. 11.)

On June 16, 2009, petitioner filed an amended petition, raising three claims for relief. (ECF No. 14.) On November 8, 2010, the court issued and order finding parts two and three of ground one, all of ground two, and all of ground three of the amended petition unexhausted. (ECF No. 30.) In response

to the court's order, petitioner moved to dismiss and abandon his unexhausted claims, stating that he would proceed on part one of ground one only. (ECF Nos. 31, 32.) The court granted petitioner's motion and ordered respondents to answer the remaining claim. (ECF No. 33.) Respondents filed an answer on December 29, 2010. (ECF No. 34.) Petitioner filed a reply on February 7, 2011. (ECF No. 38.)

## III.     Federal Habeas Corpus Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts

of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**IV. Discussion**

In part one of ground one, petitioner claims that his trial counsel was ineffective because she failed, without petitioner's consent, to file a notice of appeal after his sentencing.

Respondents argue that petitioner is not entitled to relief on this claim because the Nevada Supreme Court applied the correct constitutional standard in evaluating and denying this claim.

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-91 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective

at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an objective standard of reasonableness,. . . under prevailing professional norms." *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (internal quotations and citations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of, the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court recently described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1413 (2009)). The Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . . through the 'deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Cullen*, 131 S.Ct. at 1398-1401.

In this case, in addressing the argument at issue here, the Nevada Supreme Court stated:

> Finally, Kenner argues that the district court abused its discretion in denying his claim that trial counsel provided ineffective assistance by failing to advise him of his right to a direct appeal. We disagree. As this court held in Thomas v. State, counsel does not have an absolute duty to advise a defendant who pleads guilty of the right to appeal. Rather, counsel has a duty to so advise a defendant "under certain circumstances," including "when the defendant inquires about an appeal" or "when the situation indicates that the defendant may benefit from receiving the advice, such as the existence of a direct appeal claim that has a reasonable likelihood of success."
> Here, the testimony at the evidentiary hearing demonstrates that Kenner did not inquire about an appeal. And trial counsel, Maizie Pusich, testified at the evidentiary hearing that she did not believe Kenner had any direct appeal issues with a reasonable likelihood of success and therefore

6

> did not discuss an appeal with him. On appeal, Kenner summarily states that "[t]here were two issues that could have been raised on direct appeal," but he does not specifically identify them. To the extent that he believes the continuance of the sentencing hearing was one of those issues, we disagree because, as explained above, the district court did not abuse its discretion in continuing the sentencing hearing and therefore any claim based on the continuance would not have had a reasonable probability of success on appeal. Similarly, to the extent that Kenner believes that an alleged breach of the plea agreement was a meritorious direct appeal claim, we disagree for two reasons. First, it was the district court, not the prosecutor, who focused on the involuntary manslaughter conviction and asked the prosecutor for additional information on that conviction. Second, when it appeared that the prosecutor could be heading toward a breach of the agreement but had not yet done so, the district court interrupted the prosecutor then specifically complied with the plea agreement and requested a sentence of 24 to 72 months, stating "the State at this point in time, even based on the record as it is shown, will honor its recommendation and commitment under the plea agreement with the defendant." The district court imposed a harsher sentence based on Kenner's lengthy history of offenses involving drinking and driving, including the 1965 conviction that resulted in a death, and Kenner was informed and understood that sentencing was entirely within the district court's discretion. Under the circumstances, we conclude that there is no reasonable likelihood that a breach-of-the-plea-agreement claim would have been successful on appeal. Because Kenner failed to demonstrate that he would have benefitted from advice regarding a direct appeal, we conclude that the district court did not abuse its discretion in denying this claim that counsel provided ineffective assistance by failing to discuss an appeal with him.

(Exhibits to First Am. Pet. Ex. 70 at 5-6) (footnotes omitted).

"[C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Additionally, the United States Supreme Court held that relevant factors in determining if counsel acted ineffectively in failing to consult with or file an appeal include whether the conviction was the result of a trial or a guilty plea. *Id*. In the case of a guilty plea, the need for consultation may be less because there are fewer bases for appeal, generally, and because the decision to enter a guilty may be a reflection of the defendant's desire to put an end to the proceedings. *Id.*

To prevail on his claim, petitioner must demonstrate that his counsel knew of his desire to appeal

7

or knew of reasons that an appeal would be appropriate but then failed to discuss an appeal with her client or failed to file a notice of appeal, when specifically asked to do so. In this case, petitioner fails to make such a showing.

At the evidentiary hearing, petitioner was asked twice if he had asked his attorney to file an appeal. (Exhibits to Mot. to Dismiss Ex. 43 at 72-73, 81.) He responded to the first inquiry, "No, I did not because I didn't know anything about an appeal being filed." (*Id*. Ex. 43 at 73.) He responded to the second inquiry, "No, I did not; I knew nothing about an appeal." (*Id*. Ex. 43 at 81.) When counsel testified, she stated that she did not recall petitioner asking for an appeal, but that her practice is to tell a client if she thinks he has a good issue for appeal. (*Id*. Ex. 43 at 46, 50-51, 61.) Counsel stated that she is certain that petitioner did not request an appeal because she understands the importance of such a request in light of the short period of time in which to file an appeal. (*Id*. Ex. 43 at 62.)

After the evidentiary hearing, the district court held that petitioner failed to show that counsel's performance fell below an objective standard of reasonableness. At discussed above, the Nevada Supreme Court upheld this decision based on the testimony at the evidentiary hearing. This court concludes that the Nevada Supreme Court reasonably applied clearly established federal law and that petitioner fails to show that his trial counsel's performance fell below an objective standard of reasonableness.

Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This court denies relief on part one of ground one.

**IV. Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-51 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a

1  petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a
2  certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84
3  (2000). "The petitioner must demonstrate that reasonable jurists would find the district court;s
4  assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In
5  order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are
6  debatable among jurists of reason; that a court could resolve the issues differently; or that the questions
7  are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues
8  raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of
9  appealability, and determines that none meet that standard. The court will therefore deny petitioner a
10 certificate of appealability.

## V. Conclusion

**IT IS THEREFORE ORDERED** that the first amended petition for a writ of habeas corpus (ECF No. 14) is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

DATED this 19th day of March 2012.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE